LEWIS v. PRESCOTT.

4-4464

Opinion delivered December 21, 1936.

Owens & Ehrman and John M. Lofton, Jr., for appellant.

Pittman & Pittman and Shields M. Goodwin, for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $4,500 obtained by appellee against appellant in the second division of the circuit court of Pulaski county for negligently injuring her in a collision between appellant's truck and her husband's automobile, in which she was riding, on highway 70 in the incorporated town of Wheatley in front of Brownlee's store and filling station. She and her husband were traveling west on the north side of the road in a Ford-8 sedan, and appellant was traveling east on the south side of the road in a Ford truck occupied by nine young people, three of whom were sitting in the cab with appellant. The road, at the point of collision, was straight for a considerable distance in both directions from the store. It was a concrete road, eighteen feet wide in addition to the shoulders. The shoulders were gravel, and the approach to the filling station and store was also gravel, and the ground was level. The tanks of the filling station sat back 31 feet from the north side of the concrete, and the store 42 feet from the north side of the concrete. The collision occurred on the north side of the concrete as appellant was driving into the station.

Appellant contends for a reversal of the judgment on two grounds: first, that there is no substantial evidence in the record tending to show he was guilty of any negligence; second, that the court erred in giving instruction No. 1 requested by appellee.

(1) Appellee testified that she was not conscious of her husband driving fast; that he is a good driver and does not drive fast when she is in the car; that she had been riding with him for about five years and at times drives the car herself; that her husband sounded the horn on his car and she felt him apply the brakes, and that she saw something red and could remember nothing more on account of the injury she received.

William Stockstill testified that he saw the accident in question; that he was standing in front of Mr. Brownlee's store, where he had been for about half an hour, at the time; that the accident occurred about three-thirty; that the Ford in which appellee was riding was coming from Memphis, going toward Little Rock, and the truck

was headed toward Memphis; that he saw both cars before the accident; that the truck was on the right-hand side of the road and was fixing to cross, and the other car was coming from toward Memphis when appellant cut across ahead of him and that appellee's husband couldn't or didn't stop his car; that appellee's husband was driving about 45 miles an hour; that he heard appellee's husband blow the horn of his car about 300 yards east of the store near or close to another station; that when within about 100 yards of Brownlee's store, he heard him blow the horn again; that when within about 50 feet of Brownlee's store, he applied his brakes and skidded about 50 feet before striking the truck which had come over to the north side of the road in front of him; that he was looking at appellant when he turned his car and that he did not put out his hand or give any signal; that two other cars were following the truck, which were two or three hundred yards west of the store; that appellee's husband could not pass around appellant's truck on account of the other cars following it; that before striking the truck, appellee's husband had cut down his speed.

Several witnesses introduced on behalf of appellant testified that when the truck turned to the north toward the filling station, he gave a signal by putting his left hand out the window and contradicted the testimony of Stockstill with reference to the speed appellee's husband was driving and the distances between the two cars, and in several other respects.

Accepting the testimony of appellee and her witness, William Stockstill, as true, it was sufficient to warrant the jury in finding that appellant was negligent in turning his car onto the north side of the road in front of the car in which she was riding. It is true that the testimony of appellant and his witnesses tended to exonerate him from any negligence whatever.

The conflicts in the testimony were questions for the jury and not this court.

There is sufficient evidence of a substantial nature in the record to sustain the verdict.

(2) Instruction No. 1, given by the court, the correctness of which is challenged by appellant, is as follows:

"You are instructed that the driver of a vehicle upon a highway before turning from a direct line shall first see that such movements can be made in safety and if you find from a preponderance of the evidence that the defendant H. J. Lewis made a left turn from the south side of the highway to the north side of the highway without first seeing that the turn could be made in safety then you are instructed that you may consider this circumstance in determining whether the defendant, H. J. Lewis, was negligent."

Appellant argues that the instruction is erroneous because it placed too high a duty on him and made him the insurer of appellee's safety. The instruction is practically the same as that given and approved by this court in the case of *Southwestern Bell Telephone Co.* v. *Balesh,* 189 Ark. 1085, 76 S. W. (2d) 291. The court, in sustaining the instruction as a correct declaration of law applicable to the facts in that case, said:

"The effect of giving this instruction was to tell the jury that, if the driver of the truck turned to the left without first seeing whether he could make the turn in safety or without giving a signal plainly visible to others that he was going to make the turn, he would be guilty of negligence, which was quite different from saying to them that they were insurers of the safety of deceased, for the instruction left it to the jury to find from the evidence whether or not he was guilty of such acts in turning the truck to the left and also left it to the jury to find from the evidence whether deceased himself caused his injuries and death by his own negligence. The fact that the instruction given by the court was in the exact language of a traffic statute does not keep it from being a correct declaration of law applicable to the situation and facts in the case. If the court had told the jury that appellants violated the traffic laws of the State in turning to the left and for that reason they became insurers of the safety of deceased, then

the instruction would have been erroneous and subject to the criticism made by appellant."

No error appearing, the judgment is affirmed.